PER CURIAM.
We affirm the partial summary judgment entered in favor of the appellee, the plaintiff in the trial court, and approve and adopt the reasoning of the trial court set out in its order:
The parties agree, and this Court finds, that there are no genuine issues of material fact, and that there remains but one issue of law for this Court’s determination: whether the escalation clause in the subject Recreation Lease is one of the kind declared void and unenforceable by § 718.401(8)(a), Florida Statutes.
1. Section 718.401(8)(a), Fla.Stat. (1985), provides:
It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities serving residential condominiums, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a condominium lease or agreement which provides that the rental under the lease or agreement shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index.
2. The critical contested language of Paragraph 3.3 of the subject Recreation Lease provides:
The basic rental provided for in Paragraph 3.1 hereof, shall be adjusted, higher or lower, based upon the cost of living index at five year intervals. The first such adjustment shall be made and become payable on the first day of the month commencing after five (5) years from the date hereof. Successive adjustments shall be made and shall become payable each five (5) years thereafter. Such adjustments shall be subject, however, to the limitation that no such single rental increase arising from a single adjustment shall exceed the rental amount being paid immediately prior to such adjustment by more than twenty percent (20%), it being the intent hereof to limit increases to an amount not to exceed twenty percent (20%) in any five (5) year interval. Subject to the twenty percent (20%) limitation hereinabove set forth, the exact amount of each of the aforesaid adjustments shall be determined by multiplying the basic monthly rental provided for in Paragraph 3.1 hereof by a fraction, the denominator of which shall be the Basic Standard Index Figure of the Consumer’s Price Index, the United States City Average All Items and Commodity Groups for the last full month ending prior to the date hereof, and the numerator of which shall be the Basic Standard Index Figure of such Price Index for the last full month ending one month prior to the effective date of such adjustment. The denominator as above defined will be noted on the last page of the original copy of this Lease at the time of execution hereof. It is the intent hereof to determine the numerator as of the end of a month and provide the Lessee one full month during *994 which to make arrangements to pay the adjusted rental as of the first day of the month succeeding the one month interval. The above described Index is that now being published monthly by the Bureau of Labor Statistics of the United States Department of Labor. Should it be published at other intervals, the new Index hereinabove provided for shall be arrived at from the Index or Indices published by said Bureau most closely approximating the month as of which the adjustment is made.
3. This Court finds the issue of whether Paragraph 3.3 of the subject Lease is an escalation clause within the scope of the statute is one of first impression in this state, as counsel for the parties have represented to this Court that they have found no reported precedent construing a rent adjustment clause of this type in light of the statute.
4. This Court has determined the intent of the Legislature as expressed in the statute itself and in the preamble to Chapter 75-61, Laws of Florida, which enacted the statute’s predecessor, § 711.231, Fla.Stat. (1975). This Court is of the opinion that while the statute must be strictly construed, this Court may not re-write the statute, nor construe it in such a way as to defeat the expressed intent of the Legislature.
5. Accordingly, this Court finds that Paragraph 3.3 of the subject Lease does contain an “escalation clause” of the kind declared contrary to the public policy of this state and, therefore, void and unenforceable, as Paragraph 3.3 of the Lease does provide for increases in the rent proportionate to increases in the Consumer Price Index. Any other construction would render the statute purposeless.
ANSTEAD, GUNTHER and STONE, JJ., concur.